**Finley Trust**

*Norman R. Shade*, for petitioner.

RAHAUSER, J., June 23, 1972.—The Pittsburgh National Bank, trustee of the J. B. Finley Trust, which had its inception at the death of Mr. Finley on February 27, 1919, presented a petition to the court praying that a citation issue to the Commonwealth of Pennsylvania and all parties in interest to show cause why either the trust instrument should not be reformed to require its income for each taxable year to be distributed at such time and in such manner as not to subject the trust to tax under section 4942 of the Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1969; or to show cause why the trustee should not be excused from compliance with paragraph Fourth of the testator's will in order that the trust may be operated in compliance with section 4942 of the Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1969; or to show cause why the provisions of paragraph Fourth of the will of J. B. Finley, deceased, does not permit compliance with the provisions of section 4942 of the Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1969.

The citation was issued on the three alternative questions and the court set April 17, 1972, as the date for a hearing on the petition. The trustee at that time offered a computation to show that the annual increase to the corpus in recent years amounted to 4.83 percent and that the corpus would amount to approximately $3,000,000 in 1995.

Subparagraph 4th of paragraph Fourth of the will of J. B. Finley reads as follows:

"4th. The remainder of the income from my said

estate I direct to be divided into four equal parts to be expended and donated by my said Trustees or their successors, to charitable purposes, in the manner following:—One-fourth thereof to the advancement of the cause of the Christian religion, one-fourth to the advancement of the cause of education, and one-fourth to the advancement of any other charitable purpose or purposes other than religious or educational, the remaining one-fourth to be invested by my said Trustees, or their successors, as principal, until the principal of my estate shall amount to the sum of Three Million dollars, When the same shall reach the said sum of Three Million dollars, then the income is to be expended and donated by my said Trustees, as follows: One-third for the advancement of the cause of the Christian religion, one-third for the advancement of the cause of education, and one-third to the advancement of any other charitable purpose or purposes other than religious and educational; the said sums to be distributed annually to the respective causes, and at shorter intervals in the discretion of my said Trustees, they to have full discretion to select the person, corporation, church, society, association, board or medium, through and by which these different purposes shall be promoted, and to whom this income shall be paid for the advancement of said respective purposes: the beneficiaries to whom said sums are to be paid to be at all times selected or dropped at the discretion of my said Trustees."

The testimony indicated that the trustee had complied with subparagraphs 1st, 2nd and 3rd of paragraph Fourth of the will. The accounts filed indicated that the various life tenants had been paid the income due them annually in accordance with the testamentary direction.

The provisions of subparagraph 4th of paragraph

Fourth of the will deal with the remaining income; namely, one-fourth for the advancement of the cause of the Christian religion; one-fourth for the advancement of education; one-fourth for the advancement of any other charitable purpose or purposes other than religious or educational, the remaining one-fourth to be invested by the trustee and the income accumulated and added to principal until the principal of the estate amounts to $3,000,000. At that time, i.e., approximately 1995, the trustees are to expend and donate the income from the trust, one-third for the advancement of the cause of Christian religion; one-third for the advancement of education and one-third for the advancement of any other charitable purpose other than religious and educational.

The present proceeding was instituted prior to January 1, 1972. Under the terms of section 5 of the Charitable Instruments Act of 1971, (No. 23), 10 PS §205, the said act is applicable to the testamentary trust here involved unless this court explicitly decides that the operation of section 1 of said act would substantially impair the accomplishment of the purposes of the said trust.

Sections 1 and 5 of said act read as follows:

"§201. Internal Revenue Code provisions; distribution of income, self-dealing, excess business holdings.

"The governing instrument of any charitable organization shall be deemed to include provisions, the effects of which are

"(1) To require distributions for each taxable year in such amounts and at such times and in such manner as not to subject the organization to tax under section 4942 of the Internal Revenue Code of 1954 and

"(2) To prohibit the organization from engaging in any act of self-dealing (as defined in section 4941(d) of the Internal Revenue Code of 1954) and from retain-

ing any excess business holdings (as defined in section 4943(c) of that code) and from making any investment in such manner as to subject the organization to tax under section 4944 of that code and from making any taxable expenditure as defined in section 4945(d) of that code, and such provisions shall supersede any contrary provision of the governing instrument. This section shall be applicable only to the extent that the charitable organization is subject to one or more of the cited sections of the Internal Revenue Code of 1954.

". . .

"§205. Effective date

"This act shall take effect immediately and shall apply:

"(1) Forthwith to every charitable organization created after December 31, 1969; and

"(2) After December 31, 1971, to every charitable organization created before January 1, 1970, unless a court of competent jurisdiction in a proceeding instituted before January 1, 1972, should explicitly decide that the operation of section 1 of this act would substantially impair the accomplishment of the purposes of the charitable organization involved in that proceeding."

This court explicitly decides that the inclusion of the provisions in the said trust, the effects of which are as set forth in subparagraph "2" of section 1 of said act, quoted above, would not substantially impair the accomplishment of the purposes of said trust and this trust will be deemed to include such provisions. Even in the absence of the said statute, this court would and does hereby authorize a deviation from the express terms of the trust so as to include such provisions in the testamentary trust involved in this proceeding.

It remains to be determined whether subparagraph

"4th" of the will of J. B. Finley, above quoted, permits compliance with section 4942 of the Internal Revenue Code of 1954, as amended by the Act of 1969, insofar as the will directs the accumulation of one-fourth the annual income until the principal of the estate amounts to $3,000,000. The said Act of 1969 contains "Savings Provisions." (See note at end of 26 USC §4940). As to section 4942, it provides that as to organizations organized before May 27, 1969, section 4942 shall

"(E) not apply to any organization which is prohibited by its governing instrument or other instrument from distributing capital or corpus to the extent the requirements of section 4942 are inconsistent with such prohibition.

With respect to taxable years beginning after December 31, 1971, subparagraphs (B) and (E) shall apply only during the pendency of any judicial proceeding by the private foundation which is necessary to reform, or to excuse such foundation from compliance with, its governing instrument or any other instrument (as in effect on May 26, 1969) in order to comply with the provisions of section 4942, and in the case of subparagraph (B) for all periods after the termination of such judicial proceeding during which the governing instrument or any other instrument does not permit compliance with such provisions."

The "governing instrument," i.e., the will of Mr. J. B. Finley in this case, contains a direction to accumulate one-fourth of the annual income from the testamentary trust until the principal of the trust estate amounts to $3,000,000. This paragraph of the will does not permit compliance with the requirements of section 4942 of the Internal Revenue Code. The statutory provisions directing the annual distribution of all of the income from the testamentary trust are in conflict with the provisions of the governing instrument of the

trust directing accumulation of part of the income from said trust, and hence under the terms of the savings clause of the Federal tax statute the inconsistent terms of the statute give way to the provisions of the governing instrument. Under such circumstances the court is not required to answer the question of whether it would direct the amendment of the governing instrument to forbid all further accumulation if such accumulation would result in confiscatory Federal taxation which would destroy the trust. It is sufficient to say that in the present case, the governing instrument does not permit compliance with the provisions of section 4942 of the Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1969.

It is clear that testator wished to accumulate one-fourth of the annual income, limiting the accumulation to the time when the trust principal would amount to $3,000,000. Thereafter all of the income was to be distributed annually or at shorter intervals in the discretion of the trustees. It seems reasonably clear that a failure to accumulate a part of the annual income in accordance with the directions of testator would substantially impair the accomplishment of the purposes of the testamentary trust. To require distributions for each taxable year in such amounts and at such times and at such manner as not to subject the trust to tax under section 4942 of the Internal Revenue Code of 1954 would substantially impair the accomplishment of the purposes of the trust involved in this proceeding. Therefore, under the terms of section 5 of the said Charitable Instruments Act of 1971, supra, since the operation of subparagraph (1) of section 1 of said act would substantially impair the accomplishment of the purposes of the trust involved in this proceeding, the said subparagraph (1) of section 1 of said act is not applicable to the said trust.

The law of Pennsylvania does not forbid reasonable testamentary provisions for the accumulation of income for charitable purposes: Estates Act of 1947, P. L. 100, as amended, sec. 6(b)(1), 20 PS §301.6(b)(1). However, such provisions will not be upheld if they are unreasonable: James Estate, 414 Pa. 80. The testamentary trust here involved had its inception at the date of death of the testator, J. B. Finley, on February 27, 1919. Over a period of some 50 years, five accounts have been filed in this trust and the validity of the provisions for accumulation of income has not been challenged. In the opinion of the hearing judge, the testamentary provisions for the accumulation of one-fourth of the annual income for a limited time for charitable purpose are reasonable, valid and binding. These valid testamentary provisions must be followed by the trustees and by the court; there is no valid statutory or decisional basis for deviating from them or for excusing the trustees from complying with them. See Mode Estate, 22 Fiduciary Reporter, 268, 272, as to the limits of court approved deviations from the provisions of a testamentary trust.

It appears to the hearing judge that the foregoing determination of the validity of the testamentary provisions for the accumulation of a part of the trust income for a limited period of time, and the lack of authority to deviate from such provisions under the circumstances in the present proceeding will not be detrimental taxwise to this trust.

A decree will be entered in accordance with this opinion.

## ORDER

And now, June 23, 1972, upon consideration of the petition filed in this proceeding on December 30, 1971, and it appearing to the court that the citation issuing

thereon was served, together with a copy of the petition and order thereon, upon Robert B. Finley, the sole surviving income beneficiary, and upon the Attorney General of the Commonwealth of Pennsylvania, representing the Commonwealth of Pennsylvania, and that proof of said notice has been filed in this proceeding; and it further appearing to the court, that on February 15, 1972, on the return day of the citation issued December 30, 1971, a hearing was set for Monday, April 17, 1972, and at that hearing evidence was submitted to the court that the principal assets of the trust, which, as of March 15, 1971, had a market value of $1,404,199.14, would by operation of transfers of income mandated by the governing instrument of the trust, amount to $3,039,076.84 at the end of the year 1995, and it further appearing that the evidence establishes that, on the basis of the average percentage of the increase to principal over the years 1968, 1969, 1970 and 1971, the principal figure of $3,000,000 will be reached in the fall of 1995, after which time the mandated accumulation of income would terminate; and, it further appearing to the court that such accumulation of income for charitable purposes does not violate any positive provision of Pennsylvania law, and it is reasonable in relation to the charitable purposes of the trust; and that in these circumstances this court possesses no power to accumulate a portion of the annual income from the trust until the principal of the estate amounts to $3,000,000.

Now, therefore, it is hereby ordered, adjudged and decreed that paragraph Fourth of the last will and testament of J. B. Finley, deceased, governing instrument of this trust, which will is dated July 11, 1904, and which became effective upon the death of testator on February 27, 1919, to the extent that it requires

income of the trust to be accumulated for charitable purposes by mandatory provisions of the instrument, cannot and will not be amended, changed nor reformed under the law and circumstances as set forth in the foregoing opinion; neither will this court excuse this trust from compliance with its governing instrument (as in effect May 26, 1969) with respect to the extent that it requires income of the trust to be accumulated for charitable purposes, in order to comply with the provisions of section 4942 of the Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1969; and

It is further ordered and decreed that, to the extent that the income of the trust payable annually under the terms of its governing instrument to organizations having charitable purposes (other than income which is required to be accumulated pursuant to the mandatory terms of the trust's governing instrument, as in effect on May 26, 1969, and at all times thereafter) the governing instrument of the trust is amended so as to provide that its income for each taxable year is required to be distributed at such time and in such manner as not to subject the trust to tax under section 4942; and

It is further ordered, adjudged and decreed that, the governing instrument of the trust under paragraph Fourth of the Last Will and Testament of J. B. Finley, deceased, is further amended so as to prohibit the trust from engaging in any act of self dealing [as defined in section 4941(d)], from retaining any excess business holdings [as defined in section 4943(c)], from making any investments in such manner as to subject the trust to tax under section 4944, and from making any taxable expenditures [as defined in section 4945(d)], to the extent that said sections of the

Internal Revenue Code of 1954, as amended by the Tax Reform Act of 1969, do now or shall hereafter apply to the trust under paragraph Fourth under the last will and testament of J. B. Finley, deceased.